(No. 21335.—

VINCENT DUDICK, Appellant, *vs.* FERDINAND C. BAUMANN *et al.* Appellees.

*Opinion filed June 24, 1932.*

WALTER E. Moss, for appellant.

MALONEY & WOOSTER, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, as citizen and tax-payer of the village of Niles Center, filed in the superior court of Cook county a bill against the officers of the village seeking various remedies, among which is an accounting by appellee Ferdinand C. Baumann, who is alleged to be acting as village collector, of certain moneys which he has deducted as his fees under an ordinance passed by the village board, which ordinance, the bill alleges, is void. It appears from the bill that certain local improvements were made in the village of Niles Center under the Local Improvement act and that the assessments against the property involved became due and were collected by Baumann as village collector. The character of those local improvements is not described in the bill. It is also alleged in the bill that Baumann was regularly appointed village collector during May, 1923, and reappointed annually thereafter until 1931. The bill, how-

ever, alleges that he has not filed a sufficient bond approved by the members of the village board. The bill sets out an ordinance of the village empowering the president and board of trustees to appoint a village collector, section 8 of which ordinance provides that the collector shall receive as compensation for his services the sum of $60 per year and a further sum equal to two per cent of all moneys which he may collect on account of any special assessments. The bill alleges that during his term of office, between 1923 and 1931, Baumann collected $7,757,840.53 in special assessments, of which he retained the sum of $145,399.20, which the bill charges was illegally retained by him; that he also was illegally paid out of the village treasury for his services as village collector during that period sums which amounted to $470. The latter claimed illegality is based on the averment in the bill that Baumann was a *de facto* collector, only, and was entitled to no compensation whatever for services rendered by him as village collector. The bill also prays that the court inquire into whether he was properly appointed. The bill also alleges that there is on file in the office of the treasurer of the village a bond in the sum of $50,000 signed by Baumann and a surety company, but that this bond is not shown to have been approved by the village officers and is therefore not a compliance with the provisions of the ordinance that the collector give bond. The bill also alleges that the village ordinance is invalid, in that it is an attempt to increase the salary of a village officer during his term of office. Appellees filed a demurrer to this bill, which was sustained by the chancellor, and appellant abiding his bill, same was dismissed for want of equity. The cause is brought here for review on the certificate of the chancellor that the validity of a municipal ordinance is involved and that the cause should therefore be reviewed by this court.

At the threshold of the case we are presented the contention of the appellees that appellant has no right to sue

for the reason that he is not an interested party, and that the facts, so far as they are shown by the bill, demonstrate that the cause is not one in which a general tax-payer of the village of Niles Center has that interest which entitles him to sue. It is stated in the bill that Niles Center has a population of 5000. As we have stated, the bill does not set out the improvement ordinances, and therefore does not definitely state whether the assessments against the property benefited by those improvements were to include sums not exceeding six per cent of the assessments for costs, as is permitted by section 94 of the Local Improvement act in cities having a population less than 500,000. From the charge in the bill that two per cent of the special assessments collected was retained by Baumann, and from the argument of appellant's counsel in his brief, we gather, however, that the improvement ordinances did provide for an additional assessment for costs in making and collecting the assessment, as authorized by that section.

The right of a tax-payer to prevent misappropriation of public funds has always been recognized by this court on the grounds that in equity tax-payers are considered the owners of the property of the municipality, and whenever public officials threaten to pay out general public funds for a purpose unauthorized by law, or misappropriate such funds, and thereby cause taxes to be levied to make good the misappropriation, equity will assume jurisdiction to prevent such unauthorized act, as the tax-payers' right in such case is not recognized by courts of law. (*Fergus* v. *Russel,* 270 Ill. 304; *Jones* v. *O'Connell,* 266 id. 443; *Burke* v. *Snively,* 208 id. 328; *Beauchamp* v. *Kankakee County,* 45 id. 274; *Colton* v. *Hanchett,* 13 id. 615.) The interest of the general tax-payer, however, must be based upon the right of the municipality in and to the funds. Special assessment funds are raised for the purpose of paying for the local improvement. The only interest which the city or village has in such funds, other than the right to be

reimbursed therefrom for costs advanced, is to see that they are properly collected and used to pay for the improvement or bonds issued therefor. After the discharge of the expense of the improvement and the cost of collection, the balance, if any, belongs to the property owners against whose property it was assessed and should be returned to them. *Donahue* v. *Village of LaGrange,* 263 Ill. 607.

Counsel for appellant argues, however, that because there may be a misappropriation of the funds after the same have been collected by the village officers, for which the village would be liable and the tax-payers taxed, he has an interest as a tax-payer. He also seems to find some interest as a general tax-payer in his claim that Baumann had no right to retain two per cent of the amount of assessments collected. Unless it appears from the bill that the public funds or village liability is in some way affected by such retention a general tax-payer has no such interest as authorizes suit by him. Special assessment funds are trust funds for a specific purpose and are not part of the general revenues of the municipality raised by general taxation. (*Donahue* v. *Village of LaGrange, supra; Conway* v. *City of Chicago,* 237 Ill. 128; *Bradford* v. *City of Chicago,* 25 id. 349.) Under section 12 of article 7 of the Cities and Villages act (Cahill's Stat. 1931, p. 348,) all moneys received on any special assessment are required to be kept in a special fund to be applied to the payment of the improvement for which the assessment was made, and for no other purpose unless to reimburse the corporation for money expended for such improvement. The mere possibility that under some circumstances the village of Niles Center may be required to make up a deficiency in public funds not shown or alleged in the bill is not sufficient to give appellant the right to maintain a bill in equity on the ground of his interest as a general tax-payer. The general rule is that a bill of complaint must show that the complain-

ant has an interest in the subject matter of the suit. A mere contingent or possible interest, or probability of future interest, is insufficient. (*Green* v. *Grant,* 143 Ill. 61; 1 Puterbaugh's Ch. Pl. (7th ed.) p. 75; 10 R. C. L. sec. 173.) No facts showing such an interest have been alleged in the bill. Appellant is not one of those whose property has been assessed and is therefore not interested in the disposition of the assessments collected, unless a situation arises which would lead to a misappropriation of public funds and necessity for levying taxes to meet obligations of the village because of such misappropriation. He makes no such showing.

Appellant argues, however, that as his bill alleges illegal payment out of the public funds of the village of the salary of $60 per year to Baumann, amounting, as alleged in the bill, to $470, there is shown in the bill a misappropriation of village funds, and he has a right, as a general taxpayer, to file this bill. The bill alleges that Baumann is a *de facto* collector. Equity will not intervene to disturb a *de facto* officer in the receipt of the fees or emoluments of the office. (*Lavin* v. *Cook County Comrs.* 245 Ill. 496.) A general tax-payer's right to sue in equity to protect public funds is based on his equitable ownership of such funds and on his liability to replenish the public treasury in case of misappropriation of those funds. Unless he makes such a case by his bill he has shown no right to sue in equity. *Fergus* v. *Russel, supra; Jones* v. *O'Connell, supra; McCord* v. *Pike,* 121 Ill. 288; *City of Chicago* v. *Union Building Ass'n,* 102 id. 379; *Merritt* v. *City of Duluth,* 103 Minn. 236.

It is clear that appellant has no right to file this suit and the chancellor did not err in sustaining a demurrer thereto. As this disposes of his suit it is not necessary to discuss numerous other questions raised by the briefs.

The decree of the superior court will be affirmed.

*Decree affirmed.*