**L. L. LeFevre, Appellant, v. County of Lee et al., Appellees.**

**Gen. No. 8,544.**

Opinion filed February 23, 1933.

HENRY C. WARNER, for appellant; MOREY C. PIRES, of counsel.

CLYDE SMITH, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The appellant, L. L. LeFevre, filed a bill in the circuit court of Lee county, asking that the county treasurer of said county be restrained from paying out certain monies. The facts as set forth in the bill in substance are as follows: In the year 1929, certain taxes for county purposes exceeding the amount prescribed by law were levied upon real and personal property in Lee county, Illinois, by the board of supervisors, and the taxes were extended upon the basis of these levies. Many of the taxpayers of Lee county paid in full the amount of the taxes as levied and assessed without objection. Upon objections filed in the county court of Lee county by several hundred taxpayers of Lee county, the county judge of Lee county held said taxes illegal and invalid. Subsequently the board of supervisors of Lee county passed the following resolution: ''The Special Tax Committee, heretofore appointed by the chairman of this Board present the following resolution which was read to the Board by the Clerk, and which resolution is in words and figures as follows:''

''Whereas the Board of Supervisors of Lee County, Illinois, for the year A. D. 1929 in the appropriation and levy did levy a tax and the County Clerk did extend the same in excess of a rate of 25 cents on each One Hundred Dollars Valuation, to the extent of a rate of 6 cents for general county purposes, 2 cents for

Mother's Pension, and 3 cents for Tuberculosis Sanitarium Fund, or a total rate of 11 cents in excess of the maximum aggregate statutory rate for all county purposes for the year, A. D. 1929 in said Lee County, and

"Whereas, at its June Term, A. D. 1930, upon application by the County Collector for judgment for delinquent taxes and upon objections thereto on behalf of more than 800 (hundred) taxpayers, it was held by the County Court of Lee County that said tax to the extent of 11 cents on each one hundred dollars valuation was illegal, and

"Whereas, other taxpayers—not objecting—voluntarily paid the full amount of their said county taxes, including in such payment said 11 cents on the one hundred dollars valuation, now, therefore, be it

"Resolved, that said County of Lee refuse to accept from such taxpayers the payment of said illegal portion of their taxes, constituting 11 cents on the one hundred dollars valuation, as aforesaid, and

"Resolved, that said County of Lee, here acting by its Board of Supervisors, does promise and agree with such taxpayers as have paid such illegal portion of their said taxes, to rebate and refund said illegal taxes so voluntarily paid, and

"Resolved, that upon claim duly made, an order shall be issued in due form, to such taxpayers as shall have so paid such illegal tax, for the amount of the same.

"H. Knetsch
Leon J. Hart
John T. Emmitt
G. P. Finch
D. H. Spencer."

L. L. LeFevre was a taxpayer residing in Lee county and had voluntarily paid his 1929 tax. The bill prayed for an order of the court to restrain the county clerk of Lee county, Illinois, from issuing any warrants for

refund of any illegal tax voluntarily paid for the year 1929, and also restraining and prohibiting the county treasurer from paying or refunding any sum or sums of money voluntarily paid by the taxpayers of Lee county for the year 1929.

The defendants filed a general demurrer to the bill which was sustained by the court. The court entered a decree dismissing the bill for want of equity and assessed the costs of suit against the complainant. From the order of dismissal the case is brought to this court on appeal.

That the complainant has the right as a taxpayer to maintain a bill of equity to prevent the misapplication of public funds does not seem to be questioned. *Dudick v. Baumann,* 349 Ill. 46; *McAlpine v. Dimick,* 326 Ill. 240. There is also no question but that the tax in question was an illegal and void tax. Both sides in their brief and argument have treated it as such. The question for this court to decide is: "When such tax is voluntarily paid has the person paying such tax the right to recover it from the county?"

It seems to us from the facts stated in the bill and admitted by the demurrer that all of this tax was paid voluntarily by the taxpayers. Our courts in many cases have said that where taxes were paid to the county treasurer voluntarily and not under duress, he cannot recover back the money paid, although the tax may be illegal. *Davis v. Board of Education,* 323 Ill. 281; *Yates v. Royal Ins. Co.,* 200 Ill. 202.

In the *Yates* case *(supra)* it is said: "The mere fact that the act under which the money was paid was unconstitutional, and the tax for that reason illegally laid, is not sufficient to authorize an action to recover back the amount paid. This principle has received the assent of the courts and law writers generally. Mr. Cooley, in his work on Taxation (2d ed. p. 809) says: 'That a tax voluntarily paid cannot be recovered

back, the authorities are generally agreed. And it is immaterial, in such a case, that the tax has been illegally laid, or even that the law under which it was laid was unconstitutional. The principle is an ancient one in the common law, and is of general application. Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as the reason why the State should furnish him with legal remedies to recover it back.' 'Money voluntarily paid to another under a mistake of the law, but with knowledge of all the facts, cannot be recovered back.' "

It is our opinion that as a general rule of law, all tax voluntarily paid to the county treasurer cannot be recovered back by the person making such payment. In this case, however, the appellees do not rely upon their right to recover an illegal tax voluntarily paid, but rely upon the resolution of the board of supervisors in which they authorize the county treasurer to refund the illegal tax voluntarily paid by, no doubt, hundreds of taxpayers. The question then arises: ''Did the board of supervisors have power and authority to pass such a resolution?'' The board of supervisors on discovering their error have attempted to right a wrong. In the case of *Conkling v. City of Springfield,* 132 Ill. 420, a suit was prosecuted by a taxpayer to recover certain illegal taxes which he had voluntarily paid on his property. The court followed the general rule of law that an illegal tax voluntarily paid could not be recovered by the taxpayer. In this case, however, the City of Springfield had acknowledged the illegality of the tax and attempted to make restitution to the taxpayers to some extent. However, the suit was not based upon the resolution which was passed by the city council, but the suit was based upon the theory to recover an illegal tax. In passing upon

the question, the court has this to say: "One other question remains to be considered. It is claimed that the City of Springfield admitted the illegality of the tax, and agreed to refund it, and it is urged, as we understand the argument, that under such circumstances the city is liable, although the taxes were not paid by compulsion. If the City of Springfield had received from the plaintiff a sum of money in payment of illegal or void taxes, and after having received the money agreed to refund the amount so received, we see no reason why an action might not be maintained upon such an agreement." *People ex rel. Chase v. County Court of Macoupin county,* 54 Ill. 217; *People ex rel. Stine v. Board of Sup'rs of Vermilion county,* 47 Ill. 256.

The board of supervisors of Lee county represented the interests of the public, and they should act with due deliberation and caution. The law clothes them with authority to reconsider, review or modify orders made through haste or ill-advised action on their part. (*Quernheim v. Asselmeier,* 296 Ill. 494.) The taxes which the board of supervisors of Lee county had promised to refund were county taxes. Neither the State nor any subordinate bodies have any interest or claim to those taxes. The portion of which tax the board levied and promised to refund is 11 cents on each $100 valuation, or the excess of the legal authority of the board to have levied. Several hundred taxpayers objected to the payment of these taxes and were relieved of the burden of paying the same. The board of supervisors by their action sought to give effect to the maxim that "taxes should be borne equally by the inhabitants." No doubt many hundreds of the taxpayers considered the amounts that they paid too small and insignificant for them to go before the county court and object to the payment of this tax, as it would cost them more to do this than

to pay the tax. So it was voluntarily paid, although illegal. It is our opinion the board of supervisors of Lee county had the power and authority by proper resolution to refund this illegal tax which is given them as an incident to the powers which the statutes have conferred upon them. It is further our opinion that the court properly sustained the demurrer to the bill and the judgment of the circuit court of Lee county is hereby affirmed.

*Judgment affirmed.*