(No. 23719.—)

EDGAR T. PRICE *et al.* Appellants, *vs.* THE CITY OF MATTOON *et al.* Appellees.

*Opinion filed October 27, 1936—Rehearing denied Dec. 4, 1936.*

JOHN G. PETTEYS, for appellants.

BRYAN H. TIVNEN, STEVENS & HERNDON, and KIGER & DILSAVER, (CARUS S. ICENOGLE, and THOMAS R. FIGENBAUM, of counsel,) for appellees.

Mr. Justice Orr delivered the opinion of the court:

A suit in equity was filed by Edgar T. Price and others in the circuit court of Coles county to restrain the city of Mattoon, the Central Illinois Public Service Company and certain contractors from the financing and construction of a waterworks purchase-and-improvement program instituted by the municipality. It appears from the briefs that the city owned a municipal water-supply system supplying only commercial users with water, and the utility company also owned a water-supply system which exclusively supplied domestic consumers. The amended complaint was dismissed by the chancellor, on motion of defendants, because it was insufficient on its face and lacked equity. On certification of the chancellor that the validity of a municipal ordinance is involved the appeal was brought directly to this court.

It appears from the amended complaint that plaintiffs are residents, tax-payers and water users, paying such rates as the city then charged or in the future will charge for that service. In March, 1935, the city council passed an ordinance for improving the existing municipal system by the construction of a plant addition for softening and filtering the water. A grant from the Federal government was involved and the total cost ran less than $100,000. This ordinance was predicated upon the act of April 22, 1899, as amended, (Smith-Hurd Stat. 1935, chap. 24, par. 440,) and was defeated on a referendum vote. In November, 1935, the city council passed ordinance 3487, which provided for the construction of a softening and filtering plant and the purchase of the water-supply system from the utility company. This ordinance was also based upon the above cited statute. No referendum was held on this ordinance, because, according to the amended complaint, the city council and officials stated that the then present plans did not involve the construction of the softening and filtration plant until the people desired it. After the time for a referendum had passed, bonds amounting to $450,000 were sold

and the proceeds used to buy the water system of the utility company and to start construction of the softening and filtration plant. The amended complaint charged that defendants by conspiracy and fraud endeavored to circumvent the effect of the referendum vote, defeating the proposed erection of the softening and filtration plant by camouflaging that intent through the purchase of the utility-owned system and promising the people not to go ahead with the construction of the softening and filtration plant. The plaintiffs say that because of these promises they were misled and deceived and did not endeavor to obtain a referendum vote upon ordinance 3487.

The attack on the amended complaint centers about the application of certain equitable rights and principles. Plaintiffs maintain that their right to relief comes to them because they are tax-payers. Defendants counter with the fact that the indebtedness created under ordinance 3487, evidenced by the $450,000 bond issue, was to be paid solely out of revenue derived from the sale of water to consumers and not out of any tax or taxes levied or to be levied. Under ordinance 3487 no liability attaches to the general public funds of the city and no special tax liability is created, hence a tax-payer would have no right to interfere. (*Dudick* v. *Baumann,* 349 Ill. 46; *Koehler* v. *Century of Progress,* 354 id. 347.) A right of a tax-payer to sue rests upon a misappropriation of general public funds and the municipality must have a right in the funds alleged to be misappropriated. (*Dudick* v. *Baumann, supra.*) This right of the tax-payer to sue is founded upon the proposition of his equitable ownership of such funds and the fact of his liability to replenish the treasury in the event of misappropriation. His complaint must establish this situation, otherwise it is fatally defective. (*Jones* v. *O'Connell,* 266 Ill. 443; *Fergus* v. *Russel,* 270 id. 304; *Dudick* v. *Baumann, supra.*) Inasmuch as what the plaintiffs, as tax-payers, have complained of in their amended complaint will not

result in an increase of their taxes, the alleged wrongful acts of the defendants cannot be assailed in a court of equity. Even though by some unforeseen contingency arising in the future the city may be required to make up a deficiency in public funds this speculative possibility can not give comfort to plaintiffs, for in the matter at issue neither a debt nor a public fund of the city is directly or contingently involved. (*Green* v. *Grant,* 143 Ill. 61; *Dudick* v. *Baumann, supra.*) The plaintiffs, as citizens, can not ask equity to intervene to prevent an injury to purely public rights or property where none of them suffer a special or irreparable injury different in degree and kind from that suffered by the public at large. *Koehler* v. *Century of Progress, supra; McCormick* v. *Chicago Yacht Club,* 331 Ill. 514; *Hartshorn* v. *Bierbom,* 312 id. 275; *McPike* v. *Illinois Terminal Railroad Co.* 305 id. 298.

Aside from the fact that plaintiffs, as tax-payers, have failed to make out a case cognizable in a court of equity, they have also failed to show by their amended complaint any other ground for equitable interference. Should plaintiffs as water users, aside from their status as tax-payers, fail to pay the established water rates fixed by the city from time to time and be deprived of water service, no especial injury or interest is established at this time due to any apprehension or anticipation that such an event will occur. Their amended complaint fails to contain any allegations of water rates determined by the city. No failure to pay any existing rate is asserted. The city is not shown to have shut off or threatened to shut off the water from their property. As their rights as water users are purely contractual, they can avail themselves of adequate remedies at law if and when their conjectured injuries materialize. Equity will not enjoin acts of a municipality for enforcement of an ordinance where, as here, no facts of irreparable injury appear. (*Ferguson Coal Co.* v. *Thompson,* 343 Ill. 20; *Joseph* v. *Wieland Dairy Co.* 297 id. 574.) Equity will

not determine the validity or invalidity of an ordinance except as an incidental act in protecting rights which equity alone can protect. (*Ehrlich* v. *Village of Wilmette*, 361 Ill. 213; *Kearney* v. *City of Canton*, 273 id. 507.) Even if the act of April 22, 1899, as amended, is unconstitutional, that would not entitle plaintiffs, upon the allegations of their amended complaint, to the relief asked. *Fisher* v. *Birkey*, 299 Ill. 145.

The chancellor did not err in dismissing the plaintiffs' amended complaint upon the motion of defendants. This conclusion renders it unnecessary for us to dwell upon the remaining alleged errors.

The decree of the circuit court of Coles county is affirmed.

*Decree affirmed.*