(No. 31579.—

N. O. GOLDEN *et al.,* Appellees, *vs.* THE CITY OF FLORA *et al.,* Appellants.

*Opinion filed January 18, 1951.*

GUNN, J., took no part.

BOOKWALTER, CARTER, GUNN & HICKMAN, (ROBERT Z. HICKMAN, of counsel,) both of Danville, for appellants.

McCOLLUM & McCOLLUM, of Louisville, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from the circuit court of Clay County, which court, after finding an ordinance of the city of Flora to be invalid, has certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal.

The challenged ordinance permitted the city to enter into a collective bargaining agreement with a labor union representing the employees of the municipally owned and operated light, water and sewage disposal systems. Plaintiffs, five in number, suing as taxpayers in the city, filed a suit in equity in the circuit court, against the city and its mayor, commissioners, treasurer and clerk, seeking an adjudication that the ordinance was void, an injunction restraining defendants and their successors from carrying out the provisions of the ordinance, and a further injunction restraining performance of the collective bargaining agreement between the city and the union. Three members of the union, who had been signers of the agreement, were allowed to intervene as defendants and to file a motion to dismiss, in which the original defendants joined. The

chancellor overruled the motion to dismiss, whereupon defendants filed their answers, which they subsequently withdrew, electing to stand upon their motion. The court then entered a decree holding the ordinance void and granting the injunctive relief prayed.

The attack on the sufficiency of the complaint made by the motion to dismiss confines itself largely to questions of equity jurisdiction and the application of the appropriate equitable rights and principles. Chief among the issues raised is the right of the plaintiffs to sue as taxpayers. Plaintiffs contend that as taxpayers they have a right to relief because the bargaining agreement increased the pay of the employees of the municipal utilities involved, thus creating a financial burden and loss to them as taxpayers and citizens of the city. Defendants meet this assertion by pointing out that the wages involved do not come from tax funds but from the revenue of the utility involved, thus placing no additional burden on the taxpayer, the capacity in which plaintiffs seek relief. A very similar issue was raised in the case of *Price* v. *City of Mattoon,* 364 Ill. 512, wherein a suit was brought by taxpayers to restrain the city from financing and constructing a municipal waterworks, the bonds for which were to be paid solely from its revenue, and we held that since no tax liability was created by the ordinance attacked, a taxpayer would have no right to interfere. In a review of other decisions, it was pointed out in the *Mattoon case* that the right of a taxpayer to sue rests upon a misappropriation of general public funds and the municipality must have a right in the funds alleged to have been misappropriated. (*Dudick* v. *Baumann,* 349 Ill. 46.) This right of the taxpayer to sue is founded on the proposition of his equitable ownership of such funds and of his liability to replenish the treasury in case of misappropriation. His complaint must establish this situation, otherwise it is fatally defective. *Jones* v. *O'Connell,* 266 Ill. 443; *Fergus* v. *Russel,* 270 Ill. 304.

It is provided by statute that charges for the product or service of a municipally owned utility shall be fixed at a rate high enough to produce a revenue sufficient to bear all costs of maintenance and operation. (Ill. Rev. Stat. 1949, chap. 24, par. 49-12.) The same provision for the cost of operation of a combined waterworks and sewage system is contained in section 62-8 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1949, chap. 24, par. 62-8.) Thus the utilities here involved operate independently of the general revenue and the increased burdens and costs of operating them, of which plaintiffs complain as taxpayers, will not result in an increase of their taxes. The cases upon which plaintiffs rely, wherein taxpayers sought and were granted relief, involved the expenditure of monies which come from tax funds, thus increasing tax liability. (*Reid* v. *Smith,* 375 Ill. 147; *Fiske* v. *People ex rel. Raymond,* 188 Ill. 206; *Holden* v. *City of Alton,* 179 Ill. 318; *Adams* v. *Brenan,* 177 Ill. 194.) None of the facts pleaded show that the ordinance here will produce a similar result, so as to entitle the taxpayer to equitable relief.

Nor does our examination of the complaint disclose the existence of any other ground which would entitle the plaintiffs to equitable relief. It is elementary that a private citizen may not call upon a court of equity to enjoin an injury threatened to purely public rights. (*Price* v. *City of Mattoon,* 364 Ill. 512; *Koehler* v. *Century of Progress,* 354 Ill. 347; *McCormick* v. *Chicago Yacht Club,* 331 Ill. 514.) Without detailing the allegations of the complaint, most of which are arrant conclusions, both counts show that the alleged illegality of the ordinance and bargaining agreement are purely public grievances. Nor are there any allegations which show that plaintiffs' personal interests are affected by the enforcement of the ordinance. One may not complain of the invalidity of a statutory provision which does not affect him. (*City of Edwardsville* v. *Jenkins,* 376 Ill. 327.) Plaintiffs do not seek relief as

consumers of the utilities concerned or as persons whose contract of employment with the city was affected by the ordinance, but only as taxpayers. Equity will not enjoin acts of a municipality for enforcement of an ordinance where, as here, no facts of irreparable injury appear. (*Price* v. *City of Mattoon,* 364 Ill. 512; *Ferguson Coal Co.* v. *Thompson,* 343 Ill. 20.) Nor will equity determine the validity of an ordinance except as an incidental act in protecting rights which equity alone can protect. *Ehrlich* v. *Village of Wilmette,* 361 Ill. 213.

Because of the deficiencies noted, we conclude that the court erred in overruling defendants' motion to dismiss the complaint and in further granting equitable relief to the plaintiffs as taxpayers. The decree of the circuit court of Clay County is therefore reversed.

*Decree reversed.*

Mr. JUSTICE GUNN took no part in the consideration or decision of this case.