(No. 32577.—)

VIRGIL H. CENTER *et al.*, Appellants, *vs.* THE CITY OF BENTON *et al.*, Appellees.

*Opinion filed January 22, 1953.*

WILLIAM G. EOVALDI, and F. P. HANAGAN, both of Benton, for appellants.

LOREN E. LEWIS, of Benton, and F. MARK MILLER, of Du Quoin, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiffs in this case filed an original complaint for injunction in the circuit court of Franklin County to which a motion to dismiss was sustained. They then filed an unverified amended complaint to which the defendants filed a sworn answer denying the material allegations of the complaint and setting forth additional facts. A motion to

strike the answer was filed by plaintiffs and, after a hearing, was overruled. The plaintiffs elected to stand upon their motion to strike the answer and refused to plead further. As a rule of pleading the motion to strike the sworn answer admitted all the facts well pleaded therein. (*Schuler* v. *Board of Education*, 370 Ill. 107.) Thereupon the trial court entered an order finding the equities in the case with the defendants and decreed accordingly. The trial judge certified that in his opinion the public interest was such as required the appeal to be taken directly to this court, the validity of a municipal ordinance of the city of Benton being involved.

The amended complaint sought to enjoin the city of Benton from carrying out the terms of ordinance No. 576 of said city, which purported to authorize the leasing of a small area of vacant land out of a 300-acre tract which the city had purchased in 1938 primarily for water reservoirs and pumping stations, but which had also in part been used for park and recreation purposes.

Ordinance 576 was passed by the unanimous vote of the city council, and authorized the municipality to enter into a lease agreement with Sam Stuart Marshall, as lessee, one of the defendants, for the purpose of building and operating a drive-in theater at Lake Benton Park and Recreation Center. It is admitted in the sworn answer that the 300-acre tract of land has been used for recreation purposes, such as the building of a bathhouse, pavilion, dining hall and race track, but the answer avers that the site of the proposed drive-in theater is located on land adjacent to Lake Benton in a place which is not used for anything but is grown up in weeds and bushes.

Plaintiffs, who own a drive-in theater south of the city of Benton, maintain that the premises known as Lake Benton Park had been set aside and dedicated by the city for park purposes and that the municipality is estopped to deny that the tract is a public park where, by its subsequent

acts and ordinances, it recognizes and treats the land as such, citing *Village of Riverside* v. *MacLain*, 210 Ill. 308, and other Illinois cases.

In the *Riverside case* the evidence showed conclusively that the original owners of the land had subdivided and made plats of an entire subdivision and that the plaintiffs had purchased certain lots in the village of Riverside, relying upon such plat showing lots, blocks, streets, alleys and public park or commons. There had been a common-law dedication of the tract to the public by the owner, and, by its subsequent acts and ordinances, the village had recognized and treated the tract as a public park. This court affirmed the decree of the superior court of Cook County in restraining the village from extending highways or streets across the tract in controversy.

The instant case does not present any like situation. The disputed tract here was not purchased primarily for park purposes and there has never been any formal dedication by the city for such use. There were no restrictions contained in the conveyance to the city, and in the absence of fraud, the municipality had the right to use the land for the best interests of the city.

It is further urged by plaintiffs that the city of Benton has sought to lease a portion of said land to a private individual for the purpose of building a drive-in theater for a private purpose and for pecuniary profit, and that the city is estopped to deny that it is lending its credit to a private individual in violation of the Illinois constitution. It is clearly shown by the sworn answer that the action of the city in executing the lease is authorized by section 59-1 of the Revised Cities and Villages Act. Ill. Rev. Stat. 1951, chap. 24, par. 59-1.

This section of the statute authorizes cities acquiring land for any purpose whatsoever, to lease the same "when, in the opinion of the corporate authorities, the real estate is no longer necessary, appropriate or required for the use

of, profitable to, or for the best interests of the city." The constitutionality of section 52.1-1 of the Revised Cities and Villages Act was upheld in the case of *Poole* v. *City of Kankakee,* 406 Ill. 521, which authorized cities to acquire land for constructing off-street parking lots, and to lease them on a year-to-year basis. In that case it was stated: "The contention that the authority given the municipality to lease the parking facilities imputes a private purpose to the act is also without merit. It has frequently been held that a city may lease property it owns when it is empowered to do so by the statutes. [Citations] Powers to contract for the use, and to fix fees and rentals, are not inconsistent with the public character of municipally owned lands."

Section 52.1-1 of the Revised Cities and Villages Act gave to cities the power to acquire land for parking purposes, and the reasoning in the *Poole case* upholding the constitutionality of section 52.1-1 applies with equal force to section 59-1 of the act.

The lease agreement also provides that the costs for the erection of the permanent fixtures to be put upon the land by the lessee shall be paid for solely out of rentals, and that such expenses shall never become a general obligation of the city. We do not consider, under the terms of the leasing contract, that any increased burdens will be placed upon the taxpayers, nor will the lease result in an increase of their taxes. *Golden* v. *City of Flora,* 408 Ill. 129.

We are of the opinion that the Illinois statutes fully authorized the defendant municipality to enter into the challenged leasing agreement and the decree of the circuit court of Franklin County is affirmed.

*Decree affirmed.*

Mr. JUSTICE HERSHEY, dissenting.