THE BOARD OF LIBRARY TRUSTEES OF THE FRANKFORT PUBLIC LIBRARY DISTRICT, Petitioner-Appellant, v. THE BOARD OF LIBRARY TRUSTEES OF THE MOKENA PUBLIC LIBRARY DISTRICT, Respondent-Appellee.

Third District   No. 3—86—0618

Opinion filed August 6, 1987.

E. Kenneth Friker and Dennis G. Walsh, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellant.

Bruce K. Roberts and Roberto R. Ruelo, both of Schuyler, Roche & Zwirner, of Chicago, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

A majority of resident voters filed with the parties petitions to transfer certain territory within the respondent board of library trustees of the Mokena Public Library District (Mokena) to the petitioner board of library trustees of the Frankfort Public Library District (Frankfort). Frankfort responded by enacting an ordinance to transfer the contiguous territory, effective August 1, 1985.

Mokena refused to enact such a transfer ordinance. Consequently, the following December, Frankfort petitioned the court to either order

the transfer or issue a writ of *mandamus* to compel Mokena to adopt a transfer ordinance. Mokena questioned the propriety of Frankfort's ordinance, persisted in opposing the transfer it deemed harmful and discretionary, and suggested that its opposition defeated the transfer.

The trial court found a mutual transfer agreement essential. It, therefore, denied Frankfort's motion for judgment on the pleadings and entered judgment for Mokena. From those rulings, Frankfort appeals arguing that mutual agreement was unnecessary to transfer the territory as the voters mandated. Mokena disagrees and questions Frankfort's standing to file this lawsuit.

At issue is section 2—12 of the Illinois Public Library District Act (Act) which provides for transfer of contiguous territory. (Ill. Rev. Stat., 1984 Supp., ch. 81, par. 1002—12.) Section 2—12(1) provides:

> "Upon the mutual agreement of the Board of Trustees of the contiguous districts to the transfer of the territory, each Board shall enact a transfer ordinance containing identical language describing the territory to be transferred, the effective date of the transfer, and a statement of the assets and liabilities, if any, which are a responsibility of the transferred territory, and the settlement of any excess of assets or liabilities. This transfer action may be initiated by the Board of the respective districts, and shall be initiated by such Boards upon the receipt by each of a petition requesting the transfer of the territory described in the petition and signed by a majority of the voters residing in the territory described."

Section 2—12(1) unequivocally states that upon the mutual agreement of the boards, each "shall" enact a transfer ordinance. "Shall" generally indicates a mandatory obligation, especially when it refers to a right or benefit that depends upon a mandatory meaning. (*Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 485 N.E.2d 321.) This court, however, looks beyond mere words and ascertains the legislative intent from the nature and objective of the Act and the consequences of proposed construction. (*Serpico v. Urso* (1984), 127 Ill. App. 3d 667, 469 N.E.2d 355.) A statute is merely directory only if no advantage is lost, no right is destroyed, and no public or individual benefit is sacrificed. Directory statutes sometimes direct a public body's time or mode of performance. (127 Ill. App. 3d 667, 469 N.E.2d 355; *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.) In addition, without abrogating its sovereign governmental power, the legislature sometimes delegates discretionary acts such as boundary expansion to public entities and makes the ultimate operation of law dependent on contingencies, *e.g.* an affirmative vote of

electors or an official act. *New-Mark Builders, Inc. v. City of Aurora* (1967), 90 Ill. App. 2d 98, 233 N.E.2d 44; *People ex rel. Chicago Dryer Co. v. City of Chicago* (1952), 413 Ill. 315, 109 N.E.2d 201.

The legislature created public library districts to educate its resident Illinois citizens. (Ill. Rev. Stat. 1985, ch. 81, par. 1001—3.) Each district's purpose is to levy taxes to establish, equip, maintain and support its library services. (Ill. Rev. Stat. 1985, ch. 81, par. 1002—1.) Pursuant to section 2—12 of the Act, adjoining public library districts also have authority to transfer contiguous territory. Ill. Rev. Stat., 1984 Supp., ch. 81, par. 1002—12.

■ We find that in section 2—12, the legislature delegated authority and responsibility for contiguous transfers to the adjoining boards and required their mutual agreement. The voters' only right was to demand that the boards consider the proposed transfer. Only if the boards agreed that the transfer was expedient were they obligated to enact appropriate, complementary ordinances to authorize the transfer. To hold otherwise would erode each board's discretionary power to consent to the transfer and to control its territory. Our interpretation sacrifices none of the voters' rights, preserves Mokena's rights, and most importantly, implements an amicable transfer process. We conclude, therefore, that absent Mokena's cooperation, Frankfort could neither execute nor compel the transfer that Mokena deemed seriously injurious.

■ It naturally follows that Frankfort had no standing to bring the instant lawsuit. Standing requires that the party seeking relief be a member of the class protected by and intended to benefit from the statutory duty of compliance. (*Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 359 N.E.2d 1137.) Thus, to have standing, the petitioner must allege injury to its protected, statutory interest. *Hill v. Butler* (1982), 107 Ill. App. 3d 721, 437 N.E.2d 1307.

Frankfort's right or responsibility to file suit is derived from sections 2—12(2) and 2—12(3) of the Act. Section 2—12(2) provides that nonmutual transfers may be initiated when at least 100 resident voters petition for an election to decide whether the territory should be transferred. (Ill. Rev. Stat., 1984 Supp., ch. 81, par. 1002—12(2).) Following that election, section 2—12(3) provides:

> "The district shall, upon enactment of a transfer, file with the Circuit Court of the county wherein the majority of the transferred territory lies, an appropriate petition and a certified copy of the ordinance or the certificate by the election authority of the results of the election." Ill. Rev. Stat., 1984 Supp., ch. 81, par. 1002—12(3).

The less than 100 resident voters of the territory had no authority to initiate the election process. There was no mutual agreement. Therefore, Frankfort could not enact the transfer and had no certified election results to attach to its pleadings. Consequently, we find Frankfort's lawsuit premature and inappropriate.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.