In re BOARD OF LIBRARY TRUSTEES OF THE MILAN-BLACKHAWK AREA PUBLIC LIBRARY DISTRICT ANNEXATION (Milan-Blackhawk Area Public Library District, Petitioner-Appellee, v. Mercer Carnegie Public Library District, Objector-Appellant).

Third District No. 3—92—0106

Opinion filed November 24, 1992.

Mark A. Appleton and Gregory J. McHugh, both of Appleton & McHugh, of Aledo, for appellant.

Robert P. Swanson and H. Karl Huntoon, both of Blackwood, Nowinski, Huntoon & Swanson, P.C., of Moline, for appellee.

JUSTICE HAASE delivered the opinion of the court:

The petitioner, Milan-Blackhawk Area Public Library District (Blackhawk), filed a petition seeking to annex certain portions of Mercer County into its library district. The objector, Mercer Carnegie Public Library District (Mercer), filed an objection as to Perryton Township. It contended that the issue could not be voted on because the township had rejected annexation as a library district less than 12 months earlier and because Blackhawk did not give the required notice. The trial court rejected both of Mercer's arguments. Mercer appeals.

The record shows that Mercer had previously submitted an annexation proposal to the voters of Perryton Township. On November 5, 1991, the voters rejected that proposal. Thereafter, Blackhawk filed a petition seeking to annex part of the same area for its library district.

Blackhawk gave notice of its action by publication 16 days prior to the hearing for certifying the annexation question. The annexation question was put on the ballot, and on March 17, 1992, a general election was held. The proposal passed.

Mercer then filed an appeal, claiming the trial court erred because: (1) there was improper publication notice in that publication occurred 16 days prior to the hearing, contrary to statutory requirements; and (2) such petition sought an illegal second election within one year for the same territory. We agree with Mercer's first argument and disagree with its second.

Blackhawk argues that the trial court was correct on the notice issue. It contends that general election law controls, and such law requires only a five-day notice before a hearing. (Ill. Rev. Stat. 1991, ch. 46, par. 28—4.) It bases its argument on the first paragraph of the notice requirement for a library referendum, which states "[n]otice of elections and referenda shall be given in the manner provided by the general election law." (Ill. Rev. Stat. 1991, ch. 81, par. 1007—1.) This argument is misplaced.

■ The notice in question is not for an election or referendum, but for a hearing which will certify the election question. The notice required for such a hearing is outlined in section 7—1 of the Illinois Public Library District Act (Ill. Rev. Stat. 1991, ch. 81, par. 1001—1 et seq.). This section provides, "All notices shall be made at least 20 days but not more than 30 days before the hearing or other matter being publicized by such notice unless otherwise provided in this Act." (Ill. Rev. Stat. 1991, ch. 81, par. 1007—1.) The notice for hearing on the certification of the election question is not otherwise provided for in the Act. Thus, according to the Act, the proper notice is at least 20 days prior to the hearing. (See Solomon v. North Shore Sanitary District (1971), 48 Ill. 2d 309, 269 N.E.2d 457.) We therefore find that Blackhawk failed to strictly comply with the notice provision.

■ We further note that notice given for a hearing to certify the question on an election ballot can be either mandatory or directory in its application. If the notice is directory, the election result will stand even if proper notice was not given. If the notice is mandatory, the election would be void. (See Solomon v. North Shore Sanitary District (1971), 48 Ill. 2d 309, 269 N.E.2d 457.) There is no universal formula for distinguishing between mandatory and directory provisions. Rather, the issue depends upon the intent of the legislature, which is ascertained by examining the nature and object of the statute and the consequences which would result from any given construction. (Pullen v. Mulligan (1990), 138 Ill. 2d 21, 561 N.E.2d 585.) The language of

the statute is often the most reliable evidence of the legislative intent. Therefore, when interpreting a statute, courts must give the language of a statute its plain and ordinary meaning. *Gasick v. Dunlap Public Library District* (1987), 164 Ill. App. 3d 232, 517 N.E.2d 1175.

■ Section 7—1 states in part, "All notices *shall* be made \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 81, par. 1007—1.) "Shall" generally indicates a mandatory obligation, especially when it refers to a right or benefit that depends upon a mandatory meaning. A statute is merely directory only if no advantage is lost, no right is destroyed, and no public or individual benefit is sacrificed. *Board of Library Trustees of the Frankfort Public Library District v. Board of Library Trustees of the Mokena Public Library District* (1987), 158 Ill. App. 3d 830, 511 N.E.2d 997.

In the instant case, the notice for the hearing is mandatory. The individuals affected by the proposed library district have a right to be heard regarding the proposed territory that will be presented on the ballot for possible annexation. As a result, the election is void for failure to provide adequate notice for the certification hearing.

Mercer's next argument on appeal is that Blackhawk, as a competing district, could not attempt to annex a portion of the territory which Mercer had sought to annex less than one year before. Mercer bases this argument on section 2—9(4)(e) (Ill. Rev. Stat. 1991, ch. 81, par. 1002—9(4)(e)), which states, "Such proposition for annexing territory to a district shall not be submitted to the voters more often than once a year."

■ We disagree with Mercer's argument. Under Mercer's interpretation, one district could annually conduct its own referendum and thereby perennially ban other districts from offering annexation opportunities to the affected territory. The statute is clearly meant to prohibit such a result. We do not interpret the statute as barring a competing district from attempting to annex territory less than a year after an election in another district.

Based on the foregoing reasons, we affirm the portion of the trial court's judgment finding that the Blackhawk election could be held within one year of the Mercer election. We reverse the portion of the judgment finding that Blackhawk had complied with the notice provision. We also remand the cause for further proceedings consistent with our opinion.

Affirmed in part; reversed in part and remanded.

BARRY, P.J., and STOUDER, J., concur.