JOHN TARKOWSKI, Plaintiff-Appellant, *v.* WILLIAM J. SCOTT, Attorney General, *et al.*, Defendants-Appellees.

First District (5th Division)    No. 78-1598

Opinion filed December 14, 1979.

John Tarkowski, of Chicago, for appellant, *pro se.*

William J. Scott, Attorney General, of Chicago, *pro se* (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought a pro se taxpayer's suit pursuant to the public monies act (Ill. Rev. Stat. 1977, ch. 102, par. 11 *et seq.*) against defendants alleging that they were engaged in misconduct and that they misused and squandered State revenues. Upon motion by defendants, the trial court dismissed plaintiff's first amended complaint pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48). Plaintiff's motion to vacate that dismissal was subsequently denied. On appeal, plaintiff challenges the trial court's dismissal of his complaint and the denial of his motion to vacate. We affirm the judgment of the trial court. The relevant facts follow.

On May 26, 1978, John Tarkowski filed his first amended complaint against the following defendants: William J. Scott, Attorney General of the State of Illinois; the Office of the Attorney General; the Illinois Pollution Control Board (IPCB) and Officers; the Illinois Environmental Protection Agency (IEPA) and Officers; and Bernard Carey, Cook County State's Attorney. In the initial petition for leave to file the complaint, plaintiff alleged that he is a citizen-taxpayer of the State of Illinois and a resident of Lake County.

Essentially, the complaint alleged that the Attorney General's Office squandered public funds and tax revenues by "paying for illegal services in representing private interest groups against plaintiff"; and that defendant Scott and an organization known as the Lakeland Property Owners Assoc., Inc., conspired with various members of the IPCB to deprive plaintiff of due process and equal protection in that they "criminally misused State funds by maliciously filing PCB 76—6 in 1976

before the Illinois Pollution Control Board." It further alleged that the Attorney General's Office usurped the authority of the IPCB and the IEPA by bringing the above-mentioned action against plaintiff and by performing other politically oppressive acts. The remaining allegations asserted additional acts of impropriety by defendants. Finally, the prayer for relief sought to enjoin the disbursement of public funds by the Attorney General's Office, an accounting of public records, and $5,000,000 in damages.

On June 7, 1978, defendants moved to dismiss the complaint pursuant to section 48 of the Civil Practice Act on the grounds that the allegations set forth in the complaint are res judicata, that the complaint is barred under the doctrines of prosecutorial and judicial immunity, and that the complaint failed to state a cause of action under the public monies act. The allegation that raised the issue of res judicata specifically set forth prior lawsuits involving plaintiff that were brought in State as well as Federal court proceedings, including the Pollution Control Board proceeding PCP 76—6. There, the board held that plaintiff violated section 21(e) of the Environmental Protection Act and Rule 202(b) of the Solid Waste Regulations by engaging in refuse collection on his property without a permit. Plaintiff appealed that order to the Illinois Appellate Court, Second District, and on October 30, 1978, the court issued a Rule 23 order affirming the decision of the Pollution Control Board. *Tarkowski v. Illinois Pollution Control Board* (1978), 66 Ill. App. 3d 1115.

On July 10, 1978, the trial court entered an order granting defendants' motion and plaintiff's complaint was dismissed with prejudice. On July 13, 1978, plaintiff moved to vacate the dismissal; however, the motion was denied on August 13, 1978. Plaintiff appeals those orders.

OPINION

Upon an examination of the theories advanced by the parties, it is our opinion that as a threshold matter we must determine whether plaintiff has standing to bring this action. At oral argument, plaintiff asserted that he has standing on the basis of his status as citizen-taxpayer of the State of Illinois and resident of Lake County. We cannot agree.

■■ As stated by the court in *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 747-48, 359 N.E.2d 1137, 1140:

"The doctrine of standing, simply stated, requires that a party seeking relief from the courts must allege some injury in fact to some substantive, legally-protected interest of his, which is a right or interest either recognized by common law or created by statute. (See 59 Am. Jur. 2nd Parties §§26-29 (1971).) The doctrine is used to insure that the courts are available to decide actual, specific controversies between the parties and are not overwhelmed

in the mire of abstract questions, moot issues, or cases brought on behalf of other parties who do not desire judicial aid. *Flast v. Cohen* (1968), 392 U.S. 83, 99-100, 20 L. Ed. 2d 947, 961-62, 88 S. C. 1942."

The well-established rule in Illinois has been that a citizen or taxpayer has a right to enjoin the misuse of public funds, and that this right is based upon the taxpayers' equitable ownership of such funds and his liability to replenish the public treasury for the deficiency caused by such appropriation. (*Barco Manufacturing Co. v. Wright* (1956), 10 Ill. 2d 157, 139 N.E.2d 227; *Droste v. Kerner* (1966), 34 Ill. 2d 495, 217 N.E.2d 73.) This rule has been relaxed, however, in the more recent decision of *Paepcke v. Public Building Com.* (1970), 46 Ill. 2d 330, 263 N.E.2d 11, where the court held that a taxpayer could sue to enforce the public trust without showing special damage. Notwithstanding the holding in *Paepcke*, we submit that plaintiff must at the very least show a concrete injury in fact, either occurring or imminent, as a prerequisite for maintaining this action. (See *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 359 N.E.2d 1137.) Upon a review of the instant complaint, we find no such allegation set forth. Rather, we find that the complaint is wrought with abusive, speculative, and conclusory statements that are insufficient to establish that plaintiff suffered an injury in fact. Moreover, we hold that "relief will not be granted to allay unfounded fears or misapprehensions." (*Barco Manufacturing Co. v. Wright* (1956), 10 Ill. 2d 157, 166, 139 N.E.2d 227, 232.) We conclude, therefore, that plaintiff had no standing to bring this action as set forth in his complaint. As such the trial court's dismissal of the complaint and denial of the motion to vacate were proper.

In light of our conclusion regarding plaintiff's lack of standing to maintain this action we need not consider the other contentions advanced by the parties.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.