SARAH V. MARTINI, Plaintiff-Appellant, v. DAWN CLARK NETSCH, Comptroller of Illinois, *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—92—3995

Opinion filed May 19, 1995.

Sarah V. Martini, of Chicago, appellant *pro se.*

Susan Getzendanner, Special Assistant State's Attorney, of Chicago (Joseph L. Fogel, Kimberley K. Baer, and Martha J. Burns, of counsel), for appellees Edward Rosewell and Joseph W. Rose.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, of counsel), for appellees Dawn Clark Netsch and Patrick Quinn.

JUSTICE ZWICK delivered the opinion of the court:[1]

Plaintiff, Sarah V. Martini, appearing *pro se,* instituted this taxpayer action challenging an executive order issued by Richard Phelan, then president of the county board, which reinstated elective abortions at Cook County Hospital. The trial court denied plaintiff leave to file the taxpayer suit, and plaintiff has appealed.

On July 29, 1992, plaintiff filed a proposed taxpayer's complaint for declaratory and injunctive relief and a petition seeking leave to file the complaint. On July 31, 1992, the trial court granted plaintiff leave to file an amended petition and proposed complaint. The amended petition and proposed complaint were filed on August 14, 1992. In the proposed complaint, plaintiff requested a declaration that the restoration of elective abortions at Cook County Hospital was unconstitutional and void. The proposed complaint also sought to enjoin defendants from expending any public funds for elective abortions at Cook County Hospital. This proposed amended complaint was a rambling, disjointed protest about the moral and ethical implications of publicly funded elective abortions and their impact upon the plaintiff's right to religious freedom.

Defendants requested that the amended petition be denied, asserting that plaintiff lacked standing to prosecute the taxpayer's suit. Following a hearing, the trial court sustained the objections of the defendants and entered an order denying plaintiff the right to pursue the taxpayer action. Plaintiff has appealed the order of the circuit court.

Initially, we note that plaintiff has not asserted that Phelan lacked the authority to issue executive orders. Rather, her claim is

---

[1]Although Justice Zwick did not serve as a member of the panel which heard oral argument, he has read the briefs, listened to the tape of oral argument, and has otherwise fully participated in the disposition of this case.

predicated upon the argument that the executive order at issue was invalid because the substance of the order was contrary to law and violated the constitutional rights of the taxpayers of Cook County and of the State of Illinois.

On appeal, plaintiff contends that the trial court erred in finding that she lacked standing to pursue the taxpayer action challenging the executive order issued by Phelan.

■ The doctrine of standing, along with the doctrines of mootness, ripeness, and justiciability, is one of the methods by which courts preserve for consideration only those disputes which are truly adversarial and capable of resolution by judicial decision. (*Amtech Systems Corp. v. Illinois State Toll Highway Authority* (1994), 264 Ill. App. 3d 1095, 1102, 637 N.E.2d 619.) The pivotal factor in determining whether a plaintiff has standing is whether the party is entitled to have the court decide on the merits of the dispute or particular issue. (*Amtech Systems Corp.*, 264 Ill. App. 3d at 1102.) Consequently, the court must decide whether the party asserting standing will benefit from the relief sought. *Amtech Systems Corp.*, 264 Ill. App. 3d at 1103.

■ In Illinois, standing is defined as some injury in fact to a legally recognized interest. (*In re Estate of Burgeson* (1988), 125 Ill. 2d 477, 486, 532 N.E.2d 825; *Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 254, 483 N.E.2d 1263.) In addition, the Illinois Supreme Court has stated that the claimed injury, whether actual or threatened, must be distinct and palpable, fairly traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the requested relief. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 492-93, 524 N.E.2d 561.) The decision as to standing may differ depending on the issue involved and the nature of the relief sought. (*Kluk v. Lang* (1988), 125 Ill. 2d 306, 320, 531 N.E.2d 790; *Amtech Systems Corp.*, 264 Ill. App. 3d at 1102; *Henderson v. Miller* (1992), 228 Ill. App. 3d 260, 268, 592 N.E.2d 570.) Whether the plaintiff has standing to sue is to be determined from the allegations contained in the complaint. See *People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 692, 370 N.E.2d 78; *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 749, 359 N.E.2d 1137.

■ It is established that a taxpayer can enjoin the misuse of public funds, based upon taxpayers' ownership of such funds and their liability to replenish the public treasury for the deficiency caused by misappropriation thereof. (*Feen v. Ray* (1985), 109 Ill. 2d 339, 344, 487 N.E.2d 619; *Snow v. Dixon* (1977), 66 Ill. 2d 443, 450-51, 362 N.E.2d 1052; *Turkovich v. Board of Trustees* (1957), 11 Ill. 2d 460,

464, 143 N.E.2d 229; *Barco Manufacturing Co. v. Wright* (1956), 10 Ill. 2d 157, 160, 139 N.E.2d 227.) Consequently, a taxpayer has standing to bring suit, even in the absence of a statute, to enforce the equitable interest in public property which he claims is being illegally disposed of. *Metropolitan Sanitary District of Greater Chicago ex rel. O'Keeffe v. Ingram Corp.* (1981), 85 Ill. 2d 458, 476, 426 N.E.2d 860; *Paepcke v. Public Building Comm'n* (1970), 46 Ill. 2d 330, 341, 263 N.E.2d 11.

A taxpayer's right to bring suit does not depend upon a substantial injury to his property, and he is not required to rely solely upon the efforts of public law officers for the protection of public rights. (*Metropolitan Sanitary District of Greater Chicago ex rel. O'Keeffe*, 85 Ill. 2d at 476; *Paepcke*, 46 Ill. 2d at 341. But see *McKay v. Kusper* (1993), 252 Ill. App. 3d 450, 624 N.E.2d 1140 (taxpayer does not have an equitable right under section 1—6003 of the Counties Code (55 ILCS 5/1—6003 (West 1992)) to bring suit for recovery of misappropriation of county tax revenues).) Taxpayers are allowed to maintain suits to enjoin the misappropriation of public money on the theory that their property rights in the public treasury would be violated by the unlawful expenditure of public funds. *Barco Manufacturing Co.*, 10 Ill. 2d at 160; *Paepcke*, 46 Ill. 2d at 341; *Egidi v. Town of Libertyville* (1991), 218 Ill. App. 3d 596, 606, 578 N.E.2d 1300.

■ Plaintiff instituted this action as a taxpayer and citizen of Cook County and of the State of Illinois, for the benefit of all taxpayers, seeking relief from the alleged misuse of tax revenue to fund elective abortions at Cook County Hospital. Plaintiff's motive in bringing suit is irrelevant. (*Metropolitan Sanitary District of Greater Chicago ex rel. O'Keeffe*, 85 Ill. 2d at 475; *Turkovich*, 11 Ill. 2d at 464.) Plaintiff's status as a taxpayer was not disputed, and as a taxpayer, plaintiff had the right to enforce her equitable interest in public resources allegedly being used for an illegal purpose. In asserting a misuse of public funds and resources, plaintiff alleged a distinct and palpable injury to a legally cognizable interest. See *Egidi*, 218 Ill. App. 3d at 601; *Lynch*, 45 Ill. App. 3d at 748-49.

In support of their assertion that plaintiff does not have standing to pursue the taxpayer action, defendants Rosewell and Rose rely principally upon the decision in *Village of Leland ex rel. Brouwer v. Leland Community Unit School District No. 1* (1989), 183 Ill. App. 3d 876, 539 N.E.2d 750, for the proposition that a taxpayer has no standing to bring suit if she fails to plead an illegal appropriation and some financial injury resulting therefrom. The facts presented in

that case were, however, radically different from those presented in the case at bar.

In *Village of Leland*, the plaintiffs brought a taxpayer suit seeking to enjoin the school district from disbursing funds which had been donated for scholarships but had been raised by the donor through the illegal sale of alcohol. The issue before the court in *Village of Leland* was whether the plaintiffs had standing to challenge the expenditure of monies received from a private donor for the benefit of school children. The court found that the cause did not involve the recovery of any money or property belonging to the municipality, nor did it involve any money which may have been paid, expended, or released by the municipality. Because the funds around which the controversy centered were not tax revenues which had been collected and were to be utilized by the municipality, the court determined that the plaintiffs could not claim a financial injury and did not have standing, as taxpayers, to contest the use of the scholarship funds.

In contrast, the plaintiff in the instant case has presented a challenge to the use of public resources for the performance of elective abortions at Cook County Hospital. We hold that *Village of Leland* is factually distinguishable from the case at bar and is, therefore, not persuasive authority as to the issue before this court.

Based upon the foregoing, we conclude that plaintiff has standing to pursue the taxpayer claim asserted in her proposed complaint.

■ We next address the State defendants' argument that the trial court properly denied plaintiff leave to file her proposed complaint where that pleading failed to sufficiently state a claim against them. Examination of the record reveals that the proposed amended complaint did not allege any involvement of the State defendants in the reinstatement of elective abortion procedures at Cook County Hospital. Plaintiff did not assert that any State tax funds had been appropriated for use in performing such procedures. Plaintiff asserted only that elective abortions were supported by her taxes. A complaint which contains no factual allegations that the plaintiff's tax obligation to the State had or would be affected by the reinstatement of elective abortion procedures at Cook County Hospital is insufficient as a matter of law under the standards of section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). See *Barco Manufacturing Co.*, 10 Ill. 2d at 161; *Tarkowski v. Scott* (1979), 79 Ill. App. 3d 787, 790, 398 N.E.2d 891.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed in part, reversed in part, and the cause is

698

remanded for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

EGAN and RAKOWSKI, JJ., concur.